JOSE C. KAMMINGA and CRISTINA C. KAMMINGA,
Appellees

v.

JOSEPH A. FLORES, Appellant

## Civil No. 31-A

## District Court of Guam

### Appellate Division

## March 20, 1962

Counsel for Appellant:      E. R. CRAIN and RAMON V. DIAZ
Counsel for Appellees:      TURNER, BARRETT & FERENZ

Before SHRIVER, *District Judge, Presiding;* DUENAS, *Judge,* Island Court of Guam

SHRIVER, *District Judge*

### OPINION

This appeal involves the question as to whether the Island Court was justified in resorting to parol evidence in construing a lease. The lease was executed June 5, 1959 but was made effective May 15, 1959. These dates are of

some importance because they indicate that the appellant had been in possession of the leased premises before the lease was executed. The appellant contends that paragraph III is clear and unambiguous and that, therefore, the Court was not justified in resorting to parol testimony in aid of its construction. This paragraph provides:

"The rental for the real property, herein described, shall be Fifty dollars ($50.00) a month. However, the rental payment shall be deducted from the total cost already and/or to be expended for the improvement of the store building and in behalf of the betterment of the business. The receipts of material and labor costs shall be compiled together by the Lessee and to be made manifest to the Lessors. After all cost of labor and material shall have been paid off from the proposed monthly rental as stated above, rental payment shall be made monthly in advance and shall be of the amount of Fifty dollars ($50.00)."

We agree with the Island Court that this paragraph standing alone is not free from ambiguity and that the Court was justified in receiving testimony as to the intention of the parties. The Court entered Findings of Fact and Conclusions of Law, in which it held that the appellant was justified in deducting from rental payments improvements in the amount of Six Hundred Seventy-seven and 09/100 Dollars ($677.09), but that additional improvements amounting to Four Hundred Seventy-four and 65/100 Dollars ($474.65) were not allowable in that the appellees did not give any consent nor were they informed that the second improvement was to be undertaken. We do not agree that if the second improvement was to be undertaken the appellees had to be informed in advance and give their consent. The only requirement in the lease is that the receipts of material and labor costs shall be compiled together by the Lessee and to be made manifest to the Lessors. The dictionary defines "manifest" as "evident to the senses, especially to the sight; hence, obvious to the understanding; not ob-

scure." This requirement standing alone would seem to mean that the Lessee-Appellant was only required to produce evidence that the expenditures had been made.

However, the history of this transaction indicates that the improvements which were authorized were those which were in contemplation of the parties at the time the lease was executed. The Court referred to a rental agreement dated May 15, 1959, marked for identification as Plaintiffs' Exhibit 2. This is a simple statement signed by the appellees but not by the appellant and provides for a monthly rental on a monthly basis, with the privilege of taking back the store by giving the appellant thirty (30) days' notice. Paragraph III refers to the total cost already and/or to be expended for the improvement of the store building. From this it would appear that the appellant was engaged in making improvements at the time the lease was executed. The first improvements involved the construction of toilet and urinal facilities, including the digging of a cesspool, certainly an essential for the operation of a store building; but the second improvements consisting of relocating partitions, conversion of a partition from a single to a double wall, installation of a ceiling to a portion of the building, and relocation of electrical connections, etc., appear to be valuable but not essential. The appellant would have us assume that the lease made it entirely discretionary with him as to whether he would pay a rental or whether he would use the equivalent amount of rental to improve the premises, but we think the converse is true, that the lease refers to expenditures in contemplation of the parties, i.e., toilet facilities. This view is strengthened by paragraph V of the lease which reads as follows:

"It is further mutually agreed by and between the parties to this contract that the Lessee may not assign nor sublet any remainder or part of this Leasehold Agreement then existing to any third

76

party. It is further mutually agreed by and between the parties to this contract that the Lessors shall pay to the Lessee in lump sum all cost of labor and material expended for the improvement and efficiency of the business, should the Lessee, for legitimate reasons, become incapacitated to carry on the remaining part of this Leasehold Agreement."

It will be noted that this paragraph obligates the Lessors to reimburse the Lessee for expenditures made by him should he be unable to carry on the remaining part of the lease term. It does not appear logical that the parties intended that the appellant should have the right to make any expenditures he desired for improvements unlimited as to type or amount and that the Lessors would pay for such improvements if the Lessee became incapacitated. Such provision would be logical if it meant improvements contemplated by the parties when the lease was signed.

In summary, this is another instance in which the trial court was required to construe a written instrument with all of the ambiguities inherent in non-professional draftsmanship. The trial court assumed that if the parties had intended that rentals should take the form of improvements exclusively, they would have said so. We can do no better on appeal than the Court did in the course of trial, and we therefore affirm.